IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHERYL BESSER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EATERN MICHIGAN BANK,<br><br>Defendant. | Case No. 2:13-cv-13359-BAF-DRG |

**STIPULATION OF DISMISSAL**

Plaintiff Cheryl Besser ("Plaintiff"), and Defendant Eastern Michigan Bank ("Defendant"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 41(a)(1)(A) and Fed. R. Civ. P. 23(e), hereby stipulate to the dismissal of this action, with prejudice as to Plaintiff's individual claims, and without prejudice as to the claims of any alleged class members. No class has been certified in this action. Accordingly, class notice and Court approval of the settlement are not required under Fed R. Civ. P. 23(e). In exchange for the Plaintiff's individual release of claims set forth in a Confidential Settlement Agreement and Release dated as November 11, 2013 (the "Settlement Agreement") and such other consideration set forth in the Settlement Agreement, Defendant, without admitting any liability or violation, has agreed, among other things in the Settlement Agreement, to the following:

1. Consistent with the terms of the Settlement Agreement, Defendant will complete any remaining ATM modifications and/or ATM replacements pursuant to its ADA Compliance Plan to meet the 2010 Americans with Disabilities Act Standards for Accessible Design ("2010 Standards"), including any applicable safe harbor (the "Original Compliance Date"), and will provide written confirmation of its compliance to Counsel for Plaintiff.

2. Consistent with the terms of the Settlement Agreement, Defendant has agreed to implement and/or modify its ADA Compliance Policy to formalize its intent and

        commitment to maintaining its ATMs in compliance with Chapter 7, Section 707, of the 2010 Standards.

3. Consistent with the terms of the Settlement Agreement, Defendant has agreed to appoint an employee or officer to serve as an ADA Compliance Manager to oversee the implementation of the Defendant's ADA Compliance Plan.

4. Consistent with the terms of the Settlement Agreement, Defendant has agreed to provide Counsel for Plaintiff with Periodic Compliance Reports confirming its ongoing compliance with the 2010 Standards.

5. Consistent with the terms of the Settlement Agreement, Defendant has agreed that Plaintiff's Counsel or their designee shall have the right to examine some or all of Defendant's ATMs for compliance with the 2010 Standards.

In accordance with the terms of this Stipulation and their Settlement Agreement, the parties request that the Court dismiss with prejudice Plaintiff's individual claims and dismiss without prejudice the claims of any alleged class members, and retain jurisdiction to interpret and enforce the terms of the Stipulation and Settlement Agreement entered into by the parties.

Dated: November 15, 2013

Respectfully submitted,

| | |
|---|---|
| By: */s/ Sunshine R. Fellows* | By: */s/ James C. Rose* |
| Sunshine R. Fellows | James C. Rose |
| CARLSON LYNCH LTD | KUS, RYAN & ASSOCIATES, PLLC |
| PNC Park | 2851 High Meadow Circle, Ste. 120 |
| 115 Federal Street, Suite 210 | Auburn Hills, Michigan 48326 |
| Pittsburgh, PA  15212 | Email:  JRose@KRSLaw.biz |
| Email:  sfellows@carlsonlynch.com | Phone:  248-364-3090 |
| Phone:  412-322-9243 | |
| Fax:     412-231-0246 | *Attorneys for Defendant* |

*Attorneys for Plaintiff*